**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 19 2013, 6:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DENNIS TILLER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A02-1211-CR-928 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1203-FA-17297

**July 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Dennis Tiller ("Tiller") appeals his convictions for two counts of Child Molesting, one as a Class A felony and one as a Class C felony,[1] presenting the sole issue of whether prosecutorial misconduct denied him a fair trial. We affirm.

**Facts and Procedural History**

On March 16, 2012, Tiller was charged with three counts of Child Molesting, two as Class A felonies, and one as a Class C felony, arising from his conduct with his step-daughter J.M. His first trial ended in a mistrial.

On September 17, 2012, Tiller was again brought to trial. During her direct examination of J.M., the prosecutor referred to an exhibit from the first trial and Tiller then unsuccessfully moved for a mistrial. At the conclusion of the trial, the jury acquitted Tiller of one count of Class A felony child molesting and convicted him of the remaining counts. He was given concurrent sentences of twenty-eight years and four years. He now appeals.

**Discussion and Decision**

Tiller contends that the prosecutor committed misconduct during the evidentiary portion of the trial and in her closing argument. He requested a mistrial during the State's case-in-chief but did not lodge any objections during closing argument.

On appeal, a trial court's exercise of discretion in determining whether to grant a mistrial is afforded great deference. Mickens v. State, 742 N.E.2d 927, 929 (Ind. 2001). This is so because the trial judge is in the best position to gauge the surrounding

---

[1] Ind. Code § 35-42-4-3. This statute has since been re-codified. We refer to the statute in effect at the time of Tiller's offenses.

circumstances of an event and its impact upon the jury. Id. A mistrial is an extreme remedy that is only justified when other remedial measures are insufficient to rectify the situation. Id. To prevail on appeal from the denial of a motion for mistrial, the appellant must establish that the challenged conduct was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. Id. The gravity of the peril is determined by considering the misconduct's probable persuasive effect on the jury's decision, not the impropriety of the conduct. Id.

In reviewing a claim of prosecutorial misconduct, we determine (1) whether there was misconduct by the prosecutor; and (2) whether that misconduct, under the circumstances, placed the defendant in a position of grave peril to which the defendant should not have been subjected. Kent v. State, 675 N.E.2d 332, 335 (Ind. 1996).

During J.M.'s testimony, she described Tiller touching her breasts and vagina but did not recall the precise sequence of events. The following exchange then ensued:

> Prosecutor: All right. Would it help you remember the order if I showed you the typed up statement of the interview that you did with Jill Carr where you had that drawing?
>
> J.M.: Okay.
>
> Prosecutor: I'm going to show you this. I'm going to ask you to read it to yourself. And when you're done reading it, I'm going to ask you if that helps you remember.
>
> Court: And what exhibit was this?
>
> Prosecutor: Oh, this was not marked at the last trial, so this will be State's Exhibit – Judge, may we approach briefly?
>
> Court: Parties approach.

3

Prosecutor: I just said that out loud. Sorry about that.

(Tr. 27.) The jury was excused and Tiller moved for a mistrial. The prosecutor requested an admonishment to the jury explaining that there had been a prior trial, terminated for inadvertent juror misconduct. While acknowledging that the prosecutor's reference was unintentional, Tiller's counsel asserted that an admonishment was insufficient to cure prejudice as "it could make it out to the jurors that he has been charged with similar crimes in the past." (Tr. 32.) After some discussion, the trial court recalled the jury and instructed them as follows:

> I need to tell you that there was a prior proceeding as to these same allegations. Through no fault of either party, it could not be completed. You may not consider nor discuss this in any way.

(Tr. 37.)

Accordingly, by instructing the jury that the same allegations were involved in the prior trial, the trial court addressed the concern of Tiller's counsel that the jury might infer that Tiller had faced prior unrelated charges. We are not persuaded that Tiller was placed in grave peril by the prosecutor's inadvertent and isolated reference, after which an admonition was given.[2] A contemporaneous admonition is presumed to have cured error. See Gamble v.

---

[2] Tiller also asserts that the prosecutor was unduly tenacious and propounded and rephrased several questions that would have elicited irrelevant, inadmissible, or prejudicial information had the trial court not sustained his contemporaneous objections. Nonetheless, the jury was instructed in both preliminary and final instructions to base its decision on admitted evidence and that it could not consider any evidence that was stricken or that had not been admitted. Inasmuch as the trial court thus instructed the jury and sustained Tiller's objections, we cannot discern how he suffered prejudice to his substantial rights. See Ind. Trial Rule 61 (requiring that the appellate court must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties).

4

State, 831 N.E.2d 178, 184 (Ind. Ct. App. 2005), trans. denied. The denial of a mistrial did not constitute an abuse of discretion.

Tiller acknowledges that his trial counsel did not contemporaneously object during the State's closing argument, and thus frames his argument with respect to alleged improper comments in terms of fundamental error. A party's failure to present a contemporaneous trial objection contending prosecutorial misconduct precludes appellate review of the claim. Booher v. State, 773 N.E.2d 814, 817 (Ind. 2002). However, such default may be avoided if the alleged misconduct amounts to fundamental error. Id. To prevail on his claim, the defendant must establish not only the grounds for prosecutorial misconduct but also the additional grounds for fundamental error. Id. at 818.

We determine whether the prosecutor engaged in misconduct, and if so, whether the misconduct had a probable persuasive effect on the jury. Ritchie v. State, 809 N.E.2d 258, 268 (Ind. 2004), cert. denied, 546 U.S. 828 (2005). Although normally referred to as "grave peril," a claim of improper argument to the jury is measured by the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated occurrences of misconduct, which would evidence a deliberate attempt to improperly prejudice the defendant. Id. at 269. For a claim of prosecutorial misconduct to rise to the level of fundamental error, the defendant must also demonstrate that the misconduct made a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process and presents an undeniable and substantial potential for harm. Booher, 773 N.E.2d at 817.

The prosecutor's remarks are to be considered in the context of the argument as a whole. Hand v. State, 863 N.E.2d 386, 394 (Ind. Ct. App. 2007). It is proper for a prosecutor to argue both law and fact during final argument and to propound conclusions based upon his or her analysis of the evidence. Id. Additionally, a prosecutor is entitled to respond to allegations and inferences raised by the defense even if the prosecutor's response would otherwise be objectionable. Id.

According to Tiller, the prosecutor improperly referenced the faith of J.M. and her friend A.H. when, in closing, she reminded the jury that J.M. had testified "God knows the truth" and referred to J.M. and A.H. as "good Christians" who "help each other do the right thing. Tell the truth." (Tr. 180, 182.)

Tiller relies upon Wallace v. State, 836 N.E.2d 985, 1000 (Ind. Ct. App. 2005), trans. denied, in which the prosecutor had inferred that the jury should believe the victim's dying declaration because his belief in God made it less likely that he had lied regarding the identity of the shooter. The Wallace Court acknowledged that "the prosecutor should not have commented on [the victim's] belief in God" but ultimately found the error harmless. Id.

To the extent that the prosecutor in this case suggested to the jury that it should accord a heightened degree of credibility to a witness because of religious beliefs, the argument was improper. See id. Nonetheless, the prosecutor summarized testimony that had been offered without objection or motion to strike. J.M. had stated during her testimony, "But it's the truth and God knows so." (Tr. 59.) J.M.'s assistant principal had testified, without objection, that A.H. had asked permission to pray with J.M. in the assistant principal's office and

6

permission had been granted. Given this testimony, we are not persuaded that the brief additional reference in closing argument denied Tiller a fair trial.

Tiller contends that the prosecutor misstated the law when she directed the jury's attention to Final Instruction Sixteen[3] but then urged the jury to make a choice:

> You are at the point in this trial where instruction sixteen tells you, you should attempt to fit the evidence to the presumption that the Defendant is innocent and the theory that every witness is telling the truth. And what that tells you is you have a choice. You cannot fit the evidence into that little box because someone's not telling you the truth. You have to pick. That's your job now, who didn't tell you the truth?

(Tr. 181-82.) Tiller directs our attention to Gantt v. State, 825 N.E.2d 874 (Ind. Ct. App. 2005). In Gantt, the deliberating jury sent out a note stating: "There is disagreement as to whether you must believe one witness or the other. Can you reach a verdict if you don't believe either party?" Id. at 875. The trial court instructed the jury that it must decide who to believe and disbelieve and also provided a lengthy explanation and a hypothetical scenario accompanied by the commentary, "I cannot disbelieve both of them." Id. at 877. In essence, the trial court mandated that the jury resolve a conflict between witnesses and "invaded the province of the jury to determine credibility and accept or reject evidence as it sees fit." Id. at 878. The Gantt Court explained:

> When two witnesses give contradictory accounts, it is not true that the jury must believe one or the other. The jury may choose to believe neither witness, believe aspects of the testimony of each, or believe the testimony but also believe in a different interpretation of the facts than that espoused by the witnesses, among other possibilities. The trial court's instructions may have

---

[3] In relevant part, Final Instruction Sixteen provided: "The Defendant was not required to present any evidence to prove his innocence or to prove or explain anything. You should attempt to fit the evidence to the presumption that the Defendant is innocent and the theory that every witness is telling the truth." (App. 126.)

7

led the jury to believe that it was required to adopt wholesale one witness's account over another's. This is an incorrect statement of the law.

Id. (emphasis in original.)

Here, there was no such mandatory instruction from the trial court invading the province of the jury. Instead, the prosecutor advised the jury that they were to determine who was telling the truth. To the extent that she suggested – by claiming "you have to pick" – that the jury must find that someone was telling the truth, the argument misstated the law. (Tr. 181.) Nonetheless, the trial court instructed the jury that "the Court's instructions are your best source in determining the law" and "Your verdict should be based only on the evidence admitted and the instructions on the law. Nothing that I say or do is intended to recommend what facts or what verdict you should find." (App. 125, 135.) Finally, the jury was instructed that final arguments are not evidence. In light of these instructions, the prosecutor's misstatement did not rise to the level of fundamental error.

Tiller further argues that the prosecutor improperly deviated from discussing the evidence presented in the record when she stated: "Here's a man who has been grooming his daughter for years." (Tr. 198.) As we have previously observed, a prosecutor can properly argue the law and fact during final argument and propound conclusions based upon his or her analysis of the evidence. Hand, 863 N.E.2d at 394. We conclude that the prosecutor was drawing a conclusion based upon her analysis of the evidence presented; there is no error, much less fundamental error.

Finally, Tiller claims that the prosecutor vouched for J.M.'s credibility in contravention of Indiana Evidence Rule 704(b), which provides:

8

> Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions.

Tiller finds the following portion of argument objectionable:

> The other thing you have to remember is if this is a lie, she managed to fool everyone before today. All of these professionals, her teacher – I'm sorry, I keep saying that. The Assistant Principal, Ms. Radford. She managed to fool her. What did Ms. Radford do when she heard just a little bit of what had happened? She responded to J.M. as though J.M. was a truth teller. Ms. Zentz shows up on the scene, a trained CPS case worker. And how does she respond to J.M., as though J.M. is a truth teller. The forensic child interviewer does an interview and everyone who sees that interview, how do they respond to it? Detective Faber, how does she respond to it, as though J.M. is a truth teller.

(Tr. 185-86.) Tiller argues that, "although none of those witnesses had crossed the line by directly vouching for J.M.'s credibility, this argument certainly did it for them." Appellant's Brief at 19. According to Tiller, the prejudice to him is akin to that suffered by the defendant in <u>Sailors v. State</u>, 593 N.E.2d 202 (Ind. Ct. App. 1992). There, the jury was told that the indictment was returned by six of their fellow citizens and reminded that the defendant "has been indicted by your grand jury." <u>Id.</u> at 206.

As the State asserts, <u>Sailors</u> is readily distinguishable. In that case, the special prosecutor's references to the jury as the "trial jury" and the "second jury to consider this matter" exhorted the jury to convict because the "first" jury had thought the defendant was guilty. <u>Id.</u> Here, the prosecutor did not overtly refer to a prior determination of guilt by a former jury or fellow citizens. Rather, the prosecutor acknowledged that the actions taken by educational, child services, and law enforcement professionals were consistent with J.M. having truthfully reported an offense against her. To the extent that the prosecutor went

9

beyond describing the performance of duties and suggested that investigation would have ensued only if the professionals held personal beliefs as to J.M.'s veracity, the comments were improper. Nonetheless, this is not equivalent to presenting or highlighting testimony that another witness is or is not telling the truth. See Angleton v. State, 686 N.E.2d 803, 812 (Ind. 1997) (observing that no expert or lay witness is competent to testify that another witness is or is not telling the truth). Nor did the prosecutor suggest that she had personal knowledge of J.M.'s veracity. See Gaby v. State, 949 N.E.2d 870, 880 (Ind. Ct. App. 2011) (finding it inappropriate for a prosecutor to make an argument which takes the form of personally vouching for a witness).

Although the prosecutor's comments may properly have been more narrowly confined, they did not place Tiller in a position of grave peril so as to deny him a fair trial.

## Conclusion

Tiller has not demonstrated prosecutorial misconduct during the evidentiary portion of the trial. Moreover, he has demonstrated no fundamental error in the prosecutor's closing argument.

Affirmed.

NAJAM, J., and BARNES, J., concur.